IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LA CROSSE TECHNOLOGY ) <br> IP HOLDINGS, LLC ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AMBIENT, LLC (a/k/a AMBIENTWEATHER) ) <br> ) <br> ) <br> Defendant. ) <br> _____) | Case No. 13-cv-833 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs La Crosse Technology IP Holdings, LLC (hereinafter "La Crosse"), by and through their attorneys, allege as follows:

**THE PARTIES**

1. La Crosse is a Wisconsin limited liability company, having its principal place of business at 2809 South Losey Blvd, La Crosse, Wisconsin 54601. La Crosse was set up as a holding company for holding intellectual property related to the business of La Crosse Technology, LTD. La Crosse Technology, LTD (http://www.lacrossetechnology.com/) is a multinational manufacturer of weather and time devices founded in 1985 and based in La Crosse, Wisconsin.

2. Ambient, LLC ("Ambient"), upon information and belief, is a limited liability company organized and existing under the laws of Arizona, having a registered address of 1642 East Silverwood Drive, Phoenix, AZ 85048. Service may be perfected by serving its registered agent Ed Edelman at 1642 East Silverwood Drive, Phoenix, AZ 85048.

**Jurisdiction and Venue**

3. Ambient, upon information and belief, is doing business within the State of Wisconsin and the Western District of Wisconsin, and is engaged in continuous and systematic business within the Western District of Wisconsin, and including the commission of acts of infringement as hereinafter stated.

4. This is an action for patent infringement under the laws set forth in the United States Code and particularly 35 U.S.C. §1 et seq., including §271, §281 and §282 and for injunctive relief to remedy the infringement and willful infringement by Ambient of United States Patent No. 5,978,738 C1; United States Patent No. 6,076,044 C1; and United States Patent No. RE43,903 E.

5. This court has jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338, as there is a federal question.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because a substantial part of the events, acts and omissions giving rise to this action occurred in this district, and Ambient does substantial business in this judicial district and otherwise has minimum contacts with this judicial district.

**COUNT 1**

**INFRINGEMENT OF THE '738 PATENT**
**(VIOLATION OF 35 U.S.C. § 271)**

7. La Crosse repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

8. On November 2, 1999, United States Patent No. 5,978,738, entitled "Severe Weather Detector and Alarm," was duly and legally issued by the United States Patent and Trademark Office.

9. On October 7, 2008, United States Re-Examination Certificate No. 5,978,738 C1 was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of Patent No. 5,978,738 and Re-Examination Certificate 5,978,738 C1 (together, "the '738 patent") is attached hereto as **Exhibit A**.

10. La Crosse is the owner of all right, title and interest in the '738 patent, including the right to sue for past, present and future infringement of the '738 patent.

11. On information and belief, Ambient has been, and currently is, directly and indirectly infringing the '738 patent by its unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather detector products and/or services, including exemplary weather station models and transmitters WS-1175, WS-1285, WH-3C, and WH5 that infringe one or more claims of the '738 patent.

12. Ambient was notified of the '738 patent and its infringement of one or more of the claims of the '738 patent at least by a letter sent to Ed Edelman identifying the '738 patent and dated July 29, 2013.

13. On information and belief, Ambient has infringed and continues to infringe one or more of the claims of the '738 patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

14. On information and belief, Ambient, acting alone and acting in concert with and through agents and/or intermediaries, has used or sold infringing products within this judicial district and has placed products infringing one or more claims of the '738 patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

15. La Crosse has no adequate remedy at law.

16. La Crosse has sustained and continues to sustain damages as a direct and proximate result of Ambient's infringement of the '738 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Ambient's unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather detector products and/or services, and will be determined in the course of this lawsuit.

17. Ambient will continue to infringe the '738 patent unless and until enjoined by an order from this Court.

## COUNT 2

### INFRINGEMENT OF THE '044 PATENT
### (VIOLATION OF 35 U.S.C. § 271)

18. La Crosse repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

19. On June 13, 2000, United States Patent No. 6,076,044, entitled "Weather Detector," was duly and legally issued by the United States Patent and Trademark Office.

20. On March 31, 2009, United States Re-Examination Certificate No. 6,076,044 C1 was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of Patent No. 6,076,044 and Re-Examination Certificate 6,076,044 C1 (together, "the '044 patent"). A true and correct copy of the '044 patent is attached hereto as **Exhibit B**.

21. La Crosse is the owner of all right, title and interest in the '044 patent, including the right to sue for past, present and future infringement of the '044 patent.

22. On information and belief, Ambient has been, and currently is, directly and indirectly infringing the '044 patent by its unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather

detector products and/or services, including exemplary weather station models and transmitters WS-1175, WS-1285, WH-3C, and WH5 that infringe one or more claims of the '044 patent.

23. Ambient was notified of the '044 patent and its infringement of one or more of the claims of the '044 patent at least by the letter sent to Ed Edelman identifying the '044 patent and dated July 29, 2013.

24. On information and belief, Ambient has infringed and continues to infringe one or more of the claims of the '044 patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

25. On information and belief, Ambient, acting alone and acting in concert with and through agents and/or intermediaries, has used or sold infringing products within this judicial district and has placed products infringing one or more claims of the '044 patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

26. La Crosse has no adequate remedy at law.

27. La Crosse has sustained and continues to sustain damages as a direct and proximate result of Ambient's infringement of the '044 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Ambient's unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather detector products and/or services, and will be determined in the course of this lawsuit.

28. Ambient will continue to infringe the '044 patent unless and until enjoined by an order from this Court.

## COUNT 3

### INFRINGEMENT OF THE '903 PATENT
### (VIOLATION OF 35 U.S.C. § 271)

29. La Crosse repeats and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

30. On January 1, 2013, United States Patent No. RE43,903 E ("the '903 patent"), entitled "Severe Weather Detector and Alarm," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '903 patent is attached hereto as **Exhibit C**.

31. La Crosse is the owner of all right, title and interest in the '903 patent, including the right to sue for past, present and future infringement of the '903 patent.

32. On information and belief, Ambient has been, and currently is, directly and indirectly infringing the '903 patent by its unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather detector products and/or services, including exemplary weather station models and transmitters WS-1175, WS-1285, WS-2080, WH-3C, and WH5 that infringe one or more claims of the '903 patent.

33. Ambient was notified of the '903 patent and its infringement of one or more of the claims of the '903 patent at least by the letter sent to Ed Edelman identifying the '903 patent and dated July 29, 2013.

34. On information and belief, Ambient has infringed and continues to infringe one or more of the claims of the '903 patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

35. On information and belief, Ambient, acting alone and acting in concert with and through agents and/or intermediaries, has used or sold infringing products within this judicial district and has placed products infringing one or more claims of the '903 patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

36. La Crosse has no adequate remedy at law.

37. La Crosse has sustained and continues to sustain damages as a direct and proximate result of Ambient's infringement of the '903 patent. The extent of such damages is not yet known, but is substantial and irreparable, encompasses any and all global revenue generated from or attributable to Ambient's unauthorized making, using, offering for sale, contributing to the use of by others, and/or inducing others to use weather station and weather detector products and/or services, and will be determined in the course of this lawsuit.

38. Ambient will continue to infringe the '903 patent unless and until enjoined by an order from this Court.

## JURY DEMAND

39. La Crosse hereby demands a trial by jury of all issues triable by a jury in this action.

## LA CROSSE'S DEMAND FOR RELIEF

WHEREFORE, La Crosse asks this Court to:

a. Enter judgment for La Crosse as to each count of this Complaint;

b. Enter judgment that Ambient has infringed each of the '738 patent, the '044 patent, and the '903 patent (collectively "the patents-in-suit");

c. Enter judgment that Ambient's infringement of the patents-in-suit has been knowing and willful;

d. Enter a preliminary and permanent injunction to enjoin Ambient, their officers, agents, successors and assigns, and all those in privity with the foregoing, from further infringement of the patents-in-suit during the remainder of the term for which each patent has been granted;

e. Award La Crosse damages against Ambient adequate to compensate La Crosse for Ambient's acts of infringement of each of the patents-in-suit;

f. Award La Crosse pre-judgment and post-judgment interest on damages awarded La Crosse;

g. Increase the damages to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

h. Find this to be an exceptional case pursuant to 35 U.S.C. § 285 and award La Crosse its attorneys' fees and costs incurred in this matter; and

i. Award to La Crosse such other and further equitable relief as the Court may deem necessary, just and proper to correct the injury to La Crosse and to the public interest caused by Ambient's unlawful conduct.

        Respectfully submitted,

        For LA CROSSE TECHNOLOGY IP HOLDINGS, LLC

Date: December 3, 2013        s/ *Michael J. Modl*
        Axley Brynelson, LLP
        Michael J. Modl, SBN 1011419
        2 East Mifflin, Suite 200
        Madison, WI 53703
        Tel: (608) 283-6702
        Fax: (608) 257-5444
        Email: mmodl@axley.com

OF COUNSEL:

Frederic M. Meeker
BANNER & WITCOFF, LTD.
1100 13th Street, NW, Suite 1200
Washington, DC 20009
Tel: (202) 824-3000
Fax: (202) 824-3001
E-mail: fmeeker@bannerwitcoff.com

        Counsel for Plaintiffs
        LA CROSSE TECHNOLOGY IP HOLDINGS, LLC