REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

| | |
|---|---|
| 1. Sender: | Honorable James D. Peterson<br>United States District Judge<br>United States District Court<br>Western District of Wisconsin<br>120 N. Henry Street, Room 320<br>Madison, WI 53703<br>USA |
| 2. Central authority of the Requested State: | China - Central Authority<br>International Legal Cooperation Center<br>Ministry of Justice of the People's Republic of China<br>10, Chaoyangmen Nandajie, Chaoyang District<br>BEIJING 100020 |
| 3. Person to whom the executed request is to be returned: | La Crosse Technology IP Holdings, LLC<br>c/o Frederic M. Meeker<br>BANNER & WITCOFF, LTD.<br>1100 13th Street, NW, Suite 1200<br>Washington, DC 20005<br>USA |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request: | **August 1, 2014** |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

| | |
|---|---|
| 5. a. Requesting judicial authority: | Honorable James D. Peterson<br>United States District Judge<br>United States District Court<br>Western District of Wisconsin<br>120 N. Henry Street, Room 320<br>Madison, WI 53703<br>USA |
| b. To the competent authority of China: | China - Central Authority<br>International Legal Cooperation Center<br>Ministry of Justice of the People's Republic of |

|  |  |
|---|---|
|  | China<br>10, Chaoyangmen Nandajie, Chaoyang District<br>BEIJING 100020 |
| c. Name of the case and any identifying number: | *La Crosse Technology IP Holdings, LLC v. Ambient, LLC*, pending in the Western District of Wisconsin, Case No. 13-cv-833 |
| 6. Names and addresses of the parties and their representatives: | |
| a. Plaintiff: | La Crosse Technology IP Holdings, LLC<br>2809 South Losey Blvd<br>La Crosse, Wisconsin 54601<br>USA |
| Represented by: | Frederic M. Meeker<br>Jeffrey H. Chang<br>BANNER & WITCOFF, LTD.<br>1100 13th Street, NW, Suite 1200<br>Washington, DC 20005<br>USA<br><br>Michael J. Modl<br>Axley Brynelson, LLP<br>2 East Mifflin, Suite 200<br>Madison, WI 53703<br>USA |
| b. Defendant: | Ambient, LLC<br>1642 East Silverwood Drive<br>Phoenix, AZ 85048<br>USA |
| Represented by: | Marvin A. Glazer<br>CAHILL GLAZER PLC<br>2141 East Highland Ave., Suite 155<br>Phoenix, Arizona 85016-4762<br>USA<br><br>Erik H. Monson<br>Coyne, Schultz, Becker & Bauer, S.C.<br>150 East Gilman Street, Suite 1000<br>Madison, Wisconsin 53703<br>USA |

| | |
|---|---|
| **7. a. Nature of the proceedings:** | Patent infringement |
| **b. Summary of complaint:** | Plaintiff La Crosse Technology IP Holdings, LLC ("La Crosse") is a holding company for holding intellectual property related to the business of La Crosse Technology, LTD. La Crosse Technology, LTD is a multinational manufacturer of weather stations and time devices founded in 1985 and based in La Crosse, Wisconsin. Defendant Ambient, LLC ("Ambient") at least sells weather stations that compete with La Crosse Technology, LTD's weather stations. |

In pending civil action *La Crosse Technology IP Holdings, LLC v. Ambient, LLC*, Case No. 13-cv-833, La Crosse alleges that Ambient infringes several La Crosse patents by making, using, offering to sell, selling, and/or importing infringing weather stations ("Accused Products"). La Crosse has asserted 3 patents against Ambient in this lawsuit: United States Patent Nos. 5,978,738; 6,076,044; and RE43,903. These 3 patents are collectively referred to as the "Patents-in-Suit."

Accused Products include, but are not limited to, the following model numbers:

1. WH2C
2. WH3C
3. WH5
4. WS-1171A
5. WS-1170
6. WS-1171
7. WS-1171-2-KIT
8. WS-COMBO1
9. WS-1172
10. WS-1172-C
11. WS-1173A
12. WS-1173A-2-KIT
13. WS-1175
14. WS-1175-C
15. WS-1175-2-KIT
16. WS-1175-X3-KIT
17. WS-1280

|  |  |
|---|---|
|  | 18. WS-1280-2-KIT<br>19. WS-1280-X3<br>20. WS-1285<br>21. WS-1285-2-KIT<br>22. WS-1285-X3-KIT<br>23. WS-2080<br>24. WS-2080-C<br>25. WS-2080-2-KIT<br>26. WS-2080-IP-KIT<br>27. WS-2080-WHUB3-KIT<br>28. WS-2080-WEATHERBRIDGE-KIT |
| **c. Summary of defenses and counterclaims:** | Ambient has filed counterclaims against La Crosse seeking a declaratory judgment of invalidity and non-infringement of each of La Crosse's Patents-in-Suit. |
| **d. Other necessary information or documents:** | Based on admissions by the Defendant Ambient, La Crosse believes that Fine Offset Electronics Co., Ltd. ("Fine Offset") conceived, designed, developed, reduced to practice, and introduced products accused of infringing the Patents-in-Suit.<br><br>Also based on admissions by Defendant Ambient, La Crosse believes that Henry Xu of Fine Offset has documents showing and knowledge of Ambient's infringement of the Patents-in-Suit. |
| **8. a. Evidence to be obtained or other judicial act to be performed:** | The evidence requested consists of certain documents related to specific subjects in the possession, custody, or control of the following persons:<br><br>Fine Offset Electronics Co., Ltd.<br>2/F., Building No. 3, Ping Shan Minqi Industrial Park<br>Xili Town, Nanshan District, Shenzhen City<br>China<br><br>Henry Xu<br>Fine Offset Electronics Co., Ltd.<br>2/F., Building No. 3, Ping Shan Minqi Industrial Park<br>Xili Town, Nanshan District, Shenzhen City |

|  |  |
|---|---|
|  | China |
|  | The subject matter of the documents or other property requested to be inspected and produced is set forth fully below in Paragraph 9. |
| b. Purpose of the evidence or judicial act sought: | Each of these persons, Henry Xu and Fine Offset, is believed to have material information relevant to the issue of infringement of La Crosse's Patents-in-Suit. |
|  | Further, documents in the possession, custody, or control of Henry Xu and/or Fine Offset are believed to include material information relevant to the issues of infringement of La Crosse's Patents-in-Suit. |
| 9. Documents or other property to be inspected and produced: | 1. documents sufficient to identify all persons involved with or responsible for the conception, design, development, reduction to practice, manufacturing, marketing, selling, introducing, and/or importing into the United States each Accused Product |
|  | 2. documents relating to the conception, design, development, reduction to practice, manufacturing, marketing, selling, introducing, and/or importing into the United States each Accused Product |
|  | 3. schematics, software or program code, block diagrams, technical drawings, engineering and product specifications, and/or component part lists sufficient to show the structure, manufacture, operation, and function of each Accused Product |
|  | 4. product brochures and manuals, user and installation guides, correspondence, and/or other documents sufficient to show the structure, manufacture, operation, and function of each |

| | |
|---|---|
| | Accused Product |
| | 5. documents sufficient to show Fine Offset's organizational and operational structures, and the identity of its officers and managers |
| | 6. documents relating to the Patents-in-Suit, including, but not limited to, any studies, analyses, consideration, discussions, or communications relating to the Patents-in-Suit |
| | 7. documents, including but not limited to emails, relating to Henry Xu's or Fine Offset's knowledge and/or awareness of the Patents-in-Suit, including, but not limited to, the circumstances under which Henry Xu or Fine Offset first learned of the existence of the Patents-in-Suit or the applications that ultimately issued as the Patents-in-Suit |
| | 8. copies of communications, including but not limited to emails, between 1. Henry Xu or Fine Offset and 2. Ed Edelman or Ambient, LLC regarding the Patents-in-Suit |
| **10. Specification of privilege or duty to refuse to give evidence under the law of the State of origin:** | 1. Under the laws of the United States, a witness has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that witness and an attorney for that witness that was made for the purpose of obtaining legal advice. |
| | 2. United States law also recognizes a privilege against criminal self-incrimination. |
| | 3. Outside the strict area of privilege, certain limited immunities are available that may place restriction on the giving of evidence, such as the limited protection of documents created as the |

| | |
|---|---|
| | work product of attorneys during or in anticipation of litigation. |
| 11. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | La Crosse Technology IP Holdings, LLC<br>c/o Frederic M. Meeker<br>BANNER & WITCOFF, LTD.<br>1100 13th Street, NW, Suite 1200<br>Washington, DC 20005<br>USA |
| DATE OF REQUEST | |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | *[signature]*<br>Honorable James D. Peterson<br>United States District Judge<br>United States District Court<br>Western District of Wisconsin<br>120 N. Henry Street, Room 320<br>Madison, WI 53703<br>USA |